■ ExxonMobil Corporation, Appellant, v Certain Underwriters at Lloyd's, London, et al., Respondents. [855 NYS2d 484]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered June 5, 2007, which denied plaintiff's motion for partial summary judgment and granted defendants' motion for partial summary judgment on the ground that the underlying products liability claims against plaintiff constituted multiple occurrences under the insurance policies at issue, unanimously affirmed, with costs.

An "occurrence" is defined in the policies as "an accident, an event or a continuous repeated exposure to conditions which result in personal injury or property damage, provided all damages arising out of such exposure to substantially the same general conditions existing at or emanating from each premises location of the Assured shall be considered as arising out of one occurrence." This does not reflect an intention of the parties to

aggregate individual claims for the purpose of subjecting them to a single policy deductible (*see International Flavors & Fragrances, Inc. v Royal Ins. Co. of Am.*, 46 AD3d 224 [2007]). Had they intended to aggregate all claims resulting from the manufacture of plaintiff's product, "it would have been a simple matter to rewrite the definition of 'occurrence' " (*id.* at 229).

In the absence of a specific aggregation-of-claims provision precisely identifying the operative incident or occasion giving rise to liability, the court must apply the "unfortunate events" test (*see Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 7 NY2d 222 [1959]) to determine whether the underlying multiple claims constitute multiple "occurrences" under the policy (*see Appalachian Ins. Co. v General Elec. Co.*, 8 NY3d 162, 173 [2007]; *International Flavors*, 46 AD3d at 228). Under this test, the manufacture and sale of plaintiff's two defective products did not constitute a single occurrence. Each installation of ExxonMobil's polybutylene resin into a municipal utility water system, and each introduction of AV-1 lubricant into an aircraft engine, created "exposure" to a condition that resulted in property damage, to multiple claimants on different dates over many years. Under the circumstances, the underlying products liability claims "share few, if any, commonalities" (*Appalachian*, 8 NY3d at 174). Concur—Lippman, P.J., Tom, Williams and Acosta, JJ. [*See* 15 Misc 3d 1144(A), 2007 NY Slip Op 51138(U).]